EUGENE ALLEN et al., Appellants, v. WILLIAM PARKS, Appellee.

**MONOPOLIES:** Contracts Fixing Resale Price. A contract for the absolute sale of an article is rendered in restraint of trade and wholly void by a clause therein which *requires* the purchaser to make resales at a minimum price.

*Appeal from Wright District Court.*—R. M. WRIGHT, Judge.

NOVEMBER 20, 1923.

ACTION at law to recover on a contract and note. To the answer of the defendant, alleging that the contract violated the provisions of the Sherman Anti-trust Act, plaintiffs demurred. The demurrer was overruled and plaintiffs elected to stand on the demurrer and judgment was entered against plaintiffs for costs. Plaintiffs appeal.—*Affirmed.*

*Nagle & Hill* and *Mitchell & Files,* for appellants.

*Birdsall, McGrath & Archerd,* for appellee.

DE GRAFF, J.—The issue presented in this case is one of law arising on a demurrer to the defendant's answer. The action is in contract. Plaintiffs seek to recover from the defendant $3,150 with interest. It appears that on August 6, 1921 a written contract was entered into between the parties hereto whereby defendant "in consideration of the sum of $1.20 each, or the total of $3,600 * * * agrees to and does hereby purchase from the first party [plaintiffs] three thousand oil pipe attachments for Ford automobiles." Under this contract 375 attachments were received and the sum of $450 was paid therefor. It was further stipulated that the defendant should have the exclusive right and privilege to sell and distribute the said attachments as purchased from the plaintiffs within the states of Wisconsin and Illinois for a period of one year and that the defendant should be the sole representative as distributor of the patented attachment. It was further agreed: "It being expressly un-

derstood that the second party [defendants] by themselves or anyone for them shall not install the said attachments for less than $5.00 each and that they shall not by themselves or agents sell or otherwise dispose of any of the same outside of the territory herein described." Upon the execution of the contract a note was signed by plaintiffs in the sum of $3,600 due in 210 days from the date of the contract. The failure and refusal on the part of the defendant to accept or pay for the remainder of the attachments is the provocation for the instant suit.

The answer of the defendant alleges in substance that the plaintiffs undertook and planned to suppress competition in the sale of their attachment throughout the several states; to maintain and enhance its price to the ultimate consumer; to fix $5.00 as its price to each user; that in pursuance of the plan and for the purpose of carrying it into effect the contract in suit was devised; that this contract and other like contracts with various individuals throughout the states were made and that as a result thereof competition was suppressed throughout the several states and the price of the attachment to the consuming public was maintained and enhanced and that said contract and all similar contracts resulted in restraint of trade and are contrary to and in violation of the statutes of the United States and void.

To this answer plaintiffs demurred on the following grounds:

1. That the answer wholly fails to plead a defense in whole or in part to plaintiffs cause of action.

2. That the action is based upon a written contract and that the matters set forth in said answer do not plead a defense thereto or any facts that would invalidate the contract or defeat plaintiff's right to recover thereon.

3. That the matters set forth in the answer tend to vary and contradict the terms and provisions of the written contract.

The question presented by the demurrer may be stated as follows: Can a patentee in connection with the act of delivering his patented article to another for a gross consideration lawfully reserve by contract a part of his monopoly right to sell? The Supreme Court of the United States, the final authority on the principle involved, has answered in the negative. In *United States v. Schrader's Son,* 252 U. S. 85 (64 L. Ed.

471), it is said: "It seems unnecessary to dwell upon the obvious difference between the situation presented when a manufacturer merely indicates his wishes concerning prices and declines further dealings with all who fail to observe them, and one where he entered into agreements—whether express or implied from a course of dealing or other circumstances—with all customers throughout the different states which undertake to bind them to observe fixed resale prices." The fact that the article is patented is not material. After the right of sale has been exercised the article passes beyond the limits of the monopoly created by the patent. In the instant case the plaintiffs made a contract of absolute sale at a fixed price. By so doing the articles passed beyond the patent monopoly and when they attempted to fix the resale price for the attachments delivered and paid for and also for the undelivered attachments for the purpose of suppressing competition, restraining trade and enhancing the price to the consumers, they were acting beyond the monopoly of their patent and their acts must be judged under the Anti-Trust Act as though no patent existed. *Boston Store v. American Graphophone Co.*, 246 U. S. 8 (62 L. Ed. 551); *Bement v. National Harrow Co.*, 186 U. S. 70 (46 L. Ed. 1058); 7 A. L. R. 477 (with note).

The demurrer filed admits the well-pleaded averments of the answer and the pleaded facts bring the acts of the plaintiffs within the condemnation of the Federal statute, Section 8820, U. S. Compiled Statutes. The answer follows the language of the decisions in *Ford Motor Co. v. Union Motor Sales Co.*, 244 Fed. 156; *United States v. Kellogg Toasted Corn Flakes Co.*, 222 Fed. 725; and *Stewart v. Rawleigh Medical Co.*, 58 Okla. 344 (159 Pac. 1187, L. R. A. 1917 A 1276).

We conclude, therefore, that the court properly overruled the demurrer. It is argued by appellant in the event the sale clause of the contract is illegal that this does not render the entire contract void. "As the statute makes the contract in itself illegal, no recovery can be had upon it when the defense of illegality is shown to the court." *Bement v. National Harrow Co.*, supra. "In such cases the aid of the court is denied, not for the benefit of the defendant, but because public policy demands that it should be denied, without regard to the interests of

individual parties." *Continental Wall Paper Co. v. Voight & Sons Co.,* 212 U. S. 227 (53 L. Ed. 486). A court will not lend its aid to one who founds his cause of action upon an act or contract prohibited by law. It is apparent that plaintiffs' theory of the case in the trial court was that they had a right to do what they did do under their patent. It is so argued in this court. We hold that the entire contract is void as within the prohibition of the Federal statute and within the purview of the Federal interpretations of the statute. Wherefore the judgment entered by the trial court is—*Affirmed.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.